FILED

12 OCT 26 AM 11:43

CLERK, U.S. DIST. COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: M̄ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DARREN CHAKER, | CASE NO. 96cv0314 |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| OFFICER J. DAVIS, | |
| Defendant. | |

HAYES, Judge:

On February 5, 1996, Plaintiff initiated this action by filing a Complaint in San Diego County Superior Court. On February 22, 1996, Defendant removed the action to this Court, alleging federal question jurisdiction. (ECF No. 1). On August 13, 1996, the Court dismissed the case for lack of prosecution by Plaintiff. (ECF No. 15).

On July 30, 2012, Plaintiff filed a motion to seal the entire record of this case, along with an ex parte application to file the motion under seal. Plaintiff contends that good cause exists to seal the motion and entire record in this case because the documents disclose and reference records that have been sealed by state court and local authorities. Plaintiff contends that he has a significant privacy interest in having the records sealed because "the file acts as a record of arrest that Plaintiff is allowed to deny."

## RULING OF THE COURT

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) *quoting Nixon v. Warner Communs., Inc.*,

435 U.S. 589, 597 & n.7 (1978). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (citations and quotation marks omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) quoting *Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985).

"Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010)(quotations omitted). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 659 n.6.

Plaintiff initiated this lawsuit, failed to prosecute the case, and the case was closed. Plaintiff delayed sixteen years before filing any request for the record to be sealed. The Court finds that the strong presumption against sealing judicial proceedings outweighs Plaintiff's privacy interests in sealing the entire record in this case. Accordingly, the motion to seal the record and ex parte application to file the motion under seal are DENIED. The motion to seal the record and ex parte application to file the motion under seal shall be filed in the public record. The entire record in this case shall remain public.

IT IS SO ORDERED.

DATED: 10/26/12

WILLIAM Q. HAYES
UNITED STATES DISTRICT COURT